UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ADAM MADHAT, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | COLLECTIVE AND CLASS ACTION COMPLAINT |
| -against- | |
| LIPSEY COMMUNICATIONS, L.L.C. d/b/a CONNECTIVITY SOURCE, | Jury Trial Demanded |
| Defendant. | |

Plaintiff Adam Madhat, individually and on behalf of others similarly situated ("Plaintiff"), alleges as follows:

## **INTRODUCTION**

1.      Plaintiff brings this lawsuit as a collective and class action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), and Ohio wage and hour laws, on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA and state law.

2.      Defendant Lipsey Communications L.L.C. d/b/a Connectivity Source ("Connectivity Source" or "Defendant") "is a Sprint Authorized Retailer with 319 stores in Arizona, Arkansas, Louisiana, Oklahoma, North Carolina, South Carolina, Georgia, Florida, Colorado, Wyoming, Ohio, West Virginia, Pennsylvania and Texas." https://www.sprint.com/storefronts/sd/connectivity-source/bg/about-connectivity-source/   (page last viewed on March 25, 2020).

3.      Plaintiff alleges Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA and applicable Ohio wage and hour laws. Pursuant

to the FLSA and Ohio law, Plaintiff seeks to represent current and former non-exempt employees of Connectivity Source that worked in Connectivity Source's retail locations. In particular, Plaintiff seeks to represent current and former non-exempt employees of Connectivity Source that worked in Connectivity Source's retail locations in the United States for the three years preceding the filing of this Complaint until the present (the "FLSA Collective"), and current and former non-exempt employees of Connectivity Source that worked in Connectivity Source's retails locations in Ohio for the three years preceding the filing of this Complaint until the present (the "Ohio Class").

4.      Defendant violated the FLSA, the Ohio Minimum Fair Wage Standards Act, and the Ohio Constitution, Article II, Section 34a by failing to pay the FLSA Collective and the Ohio Class for all hours worked, including at overtime rates for all hours worked beyond 40 hours in any week.

5.      Defendant's FLSA and Ohio law violations caused it to underpay Plaintiff and the members of the FLSA Collective and the Ohio Class.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 28 U.S.C. § 1332(d). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

7.      Venue is proper under because Plaintiff resides in this District, 28 U.S.C § 1391(b)(1), and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  At all material times Defendant has been actively conducting business

in the State of Ohio and within the geographic area encompassing the Northern District of Ohio judicial district.

**PARTIES**

*Plaintiff*

8.      Plaintiff resides in Summit County, Ohio.

9.      From approximately May 2019 to July 2019, Plaintiff worked as an hourly-paid Retail Assistant Manager ("Assistant Manager") at a Connectivity Source location in Twinsburg, Summit Country, Ohio.

10.     During his employment with Defendant as an Assistant Manager, Plaintiff was classified as non-exempt and therefore was eligible for overtime for the hours he worked over 40 in a work week.

11.     At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Ohio law.

12.     Plaintiff's written consent to join form is attached as Exhibit A.

*Defendant*

13.     Defendant was and is a Louisiana corporation with its principal place of business at 7026 Old Katy Road, Suite 201, Houston, Texas 77024.

14.     At all times relevant, Connectivity Source was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Connectivity Source employed and/or jointly employed Plaintiff, FLSA Collective Members, and Ohio Class Members within the meaning of the FLSA and Ohio law. Defendant had and has control over the

working conditions and terms of employment for Plaintiff, FLSA Collective Members, and Ohio

Class Members and the unlawful policies and practices alleged herein.

15.     At all times material to this Complaint, the Defendant was an enterprise engaged

in interstate commerce or in  the production of interstate goods for commerce as defined by the

FLSA, 29 U.S.C. §§ 203(r) and  203(s).  Defendant's gross receipts for the three years preceding

the filing of this lawsuit exceeded $500,000.00.

## FACTS

16.     Plaintiff  worked  for  Defendant  as  a  non-exempt  Assistant  Manager  at  a

Connectivity Source location in Twinsburg, Ohio, in Summit County.

17.     Defendant  classifies  Plaintiff,  FLSA  Collective  Members,  and  Ohio  Class

Members as non-exempt and therefore entitled to overtime for the hours they work over 40 in a

work week.[1]

18.     Plaintiff, FLSA Collective Members, and Ohio Class Members perform non-

exempt duties including, but not limited to, customer service and sales of cellular phones and

phone plans.

19.     Defendant does not pay Plaintiff, FLSA Collective Members, and Ohio Class

Members for all of their hours worked, including at overtime rates where necessary, as the law

requires.

20.     Plaintiff, FLSA Collective Members, and Ohio Class Members regularly work

more  than  40  hours  per  week.   Much  of  this  overtime  work  is  off-the-clock.   Accordingly,

Plaintiff and the similarly situated employees are not credited and therefore not compensated for

---

[1] Although Plaintiff is a former employee of Defendant, the factual allegations are set forth in the present tense for ease of reading.

- 4 -

off-the-clock work overtime.

### *Plaintiff's Off-the-Clock Work*

21.    Throughout their employment, Plaintiff and the similarly situated employees performed work, including during overtime hours, both inside and outside of the store without compensation.

22.    Plaintiff, FLSA Collective Members, and Ohio Class Members are advised and informed by managers of Connectivity Source that employee participation is mandatory while out of the store and off-the-clock for work-related communications by and among Connectivity Source employees.

23.    Connectivity Source requires, suffers, and/or permits Plaintiff, FLSA Collective Members, and Ohio Class Members to utilize group messaging applications such as GroupMe, and to review and respond to messages in this application, while they are off-the-clock. These group messaging communications take place during non-scheduled hours and on days off. There are regularly multiple different group messaging "chats" taking place at the same time, involving differing groups of employees. Connectivity Source managers regularly participate in these group messaging communications. Plaintiff regularly spent at least one hour per day in off-the-clock time reviewing and responding to group messaging communications. Plaintiff, FLSA Collective Members, and Ohio Class Members are not paid for these hours, yet this off-the-clock work occurs with Connectivity Source's knowledge.

24.    Connectivity Source requires, suffers, and/or permits Plaintiff, FLSA Collective Members, and Ohio Class Members to participate in regularly scheduled conference calls with employees and managers while they are off-the-clock. Plaintiff participated in these conference

calls, which were approximately one hour long, approximately two to three times per week, all while while off-the-clock. Plaintiff, FLSA Collective Members, and Ohio Class Members are not paid for these hours, yet this off-the-clock work occurs with Connectivity Source's knowledge.

25.     Connectivity Source requires, suffers, and/or permits Plaintiff, FLSA Collective Members, and Ohio Class Members to engage in other telephone and text message communications, including with customers about products and sales and with co-workers and managers about work matters, while they are off-the-clock. Connectivity Source also requires, suffers, and/or permits Plaintiff, FLSA Collective Members, and Ohio Class Members to complete paperwork not completed during scheduled hours, while they are off-the-clock. Plaintiff, FLSA Collective Members, and Ohio Class Members are not paid for these hours, yet this off-the-clock work occurs with Connectivity Source's knowledge.

26.     Connectivity Source requires, suffers, and/or permits Plaintiff, FLSA Collective Members, and Ohio Class Members to perform work related tasks at the store location while they are off-the-clock. After clocking out, Plaintiff, FLSA Collective Members, and Ohio Class Members regularly must wait for other employees to clock out before they can finish their work tasks and depart the store location. In these circumstances, Plaintiff, FLSA Collective Members, and Ohio Class Members clock out, and then wait for other employees who are working closing shifts at the store to clock out, so that they can lock the door, set the alarm, and leave together. Plaintiff, FLSA Collective Members, and Ohio Class Members are not paid for these hours, yet this off-the-clock work occurs with Connectivity Source's knowledge.

27.     Connectivity Source does not provide a method by which Plaintiff, FLSA Collective Members, and Ohio Class Members can record and be paid for such time worked

outside of the store.

28. Pursuant to its policies and procedures, Connectivity Source failed to record all of the hours worked by Plaintiff, FLSA Collective Members, and Ohio Class Members, thereby resulting in the failure to pay for all hours worked, including at overtime rates, in violation of the FLSA and Ohio law.

29. Plaintiff estimates that he worked approximately five (5) to ten (10) off-the-clock, unpaid overtime hours per workweek.

**Defendant's Off-the-Clock Violations**

30. Connectivity Source is aware that Plaintiff, FLSA Collective Members, and Ohio Class Members worked off-the-clock hours, including off-the-clock overtime. But, Connectivity Source failed and continues to fail to pay them all of their compensation by failing to credit them for all of the hours they work, including those over 40 in a workweek, and suffering or permitting Plaintiff, FLSA Collective Members, and Ohio Class Members to work off-the-clock hours during which they performed work for Connectivity Source's benefit.

31. Connectivity Source maintains time records for Plaintiff, FLSA Collective Members, and Ohio Class Members.

32. However, those time records fail to accurately reflect all of the hours worked by Plaintiff, FLSA Collective Members, and Ohio Class Members, based upon Connectivity Source's policies and procedures for requiring these employees to work off the clock and not crediting all time worked.

33. Connectivity Source required Plaintiff, FLSA Collective Members, and Ohio Class Members to work while off-the-clock, but did not pay them for these unrecorded hours in

violation of the FLSA and Ohio law.

34.     Connectivity Source knew or should have known that Plaintiff, FLSA Collective Members, and Ohio Class Members worked unpaid time because Defendant's managers and agents witnessed the unpaid time worked while on group messaging applications, conference calls, other communications, post-shift activities, and/or assigned work to be completed outside of the store.  Connectivity Source also failed to maintain a timekeeping system to track time worked outside of the store despite its employees regularly working outside of the store.  Connectivity Source knew or should have known that it maintains policies and practices that deprive its non-exempt employees of compensation for time worked, including overtime compensation.

35.     Connectivity Source's failure to pay Plaintiff, FLSA Collective Members, and Ohio Class Members for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

36.     Based upon Connectivity Source's policies and procedures, Connectivity Source failed to keep accurate records of hours worked by Plaintiff, FLSA Collective Members, and Ohio Class Members.

37.     Plaintiff is informed, believe, and thereon allege that Connectivity Source's unlawful conduct has been widespread, repeated, and consistent as to FLSA Collective Members and Ohio Class Members and throughout Connectivity Source's operations in the United States.

**COLLECTIVE-ACTION ALLEGATIONS**

38.     Under the FLSA, § 216(b), Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action on behalf of himself and a proposed collection of similarly situated

employees defined as:

> All current and former non-exempt employees of Connectivity Source working in Connectivity Source's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "FLSA Collective").

39.     Defendant operates approximately 319 Connectivity Source stores in the United States, which all are controlled by corporately-derived policies, practices and procedures.

40.     Plaintiff is similarly situated to the FLSA Collective members because he, like they, was subject to Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. As a result, he and the FLSA Collective members share common legal and factual questions.

41.     Plaintiff and the FLSA Collective all perform or performed the similar duties of non-exempt employees of Connectivity Source retail stores throughout the country. Plaintiff and the FLSA Collective all were compensated on an hourly basis. Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant. Defendant's unlawful conduct has been widespread, repeated, and consistent.

42.     Defendant is aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

43.     During the relevant time period, Defendant willfully violated the FLSA by failing to pay its non-exempt employees, including Plaintiff and all other similarly situated employees,

for all of their hours worked, including overtime hours worked, based upon its unlawful policies and practices.

44.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a.  willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendant in excess of 40 hours per workweek; and

    b.  willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for Defendant.

45.     Plaintiff will fairly and adequately represent and protect the interests of the members of the FLSA Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation

46.     The similarly-situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

47.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and electronic means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice,

and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA Collective Members who timely request inclusion in the class.

48.    Plaintiff's Consent to Join Form, through which he provides his written consent to join the FLSA Collective in this action, is attached hereto as Exhibit A.

### CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23

49.    Plaintiff brings the Second through Third Counts (the state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.

50.    The putative Ohio Class that Plaintiff seeks to represent is defined as:

> All current and former non-exempt employees of Connectivity Source working in Connectivity Source's retail establishments throughout the State of Ohio during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Ohio Class").

51.    **Numerosity**:  Defendant has employed potentially hundreds of non-exempt employees in its Ohio retail stores during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

52.    **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

> A.  Whether Defendant fails to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of Ohio Constitution, Article II, Section 34a, Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act;
>
> B.  Whether Defendant has a policy and/or practice of requiring putative Class Members to perform work off-the-clock and without compensation;

C.  Whether Defendant fails to pay putative Class Members all wages in violation of the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15;

D.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class Members as alleged herein.

53.  **Typicality**:  Plaintiff's claims are typical of the claims of the Class he seeks to represent.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class he seeks to represent.

54.  **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the Class he seeks to represent because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

55.  **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class. The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

56.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

57.     Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

58.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

59.     Plaintiff intends to send notice to all putative Class Members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice to the Ohio Class, as approved by the Court, to be delivered through the United States Mail and/or electronic means. The notice shall, among other things, advise the Class Members that they shall be entitled to "opt out" of the class certified for the applicable state law claims if they so request by a date specified within the notice, and that any judgment on the applicable state law claims, whether favorable or not, entered in this case will bind all putative Class Members except those who affirmatively exclude themselves by timely opting out.

## FIRST CAUSE OF ACTION
### FLSA – Unpaid Overtime Wages
### (By Plaintiff and the FLSA Collective)

60.     Plaintiff incorporates by reference the preceding allegations.

61.     This claim is brought by Plaintiff against Defendant on behalf of the FLSA Collective.

62.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

- 13 -

63.     Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any work week is engaged in
> commerce or in the production of goods for commerce, for a work
> week longer than forty hours unless such employee receives
> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

64.     At all times material herein, Plaintiff and the FLSA Collective are covered
employees entitled to the rights, protections, and benefits provided under the FLSA. Though §
213(a)(1) describes an exemption for employees in executive, administrative, or professional
capacities, this exemption does not apply the FLSA Collective.

65.     Defendant is a covered employer required to comply with the FLSA's mandates.

66.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by,
inter alia, failing to compensate Plaintiff and the FLSA Collective for all hours worked and, with
respect to such hours, failing to pay the legally mandated overtime premium for such work
and/or minimum wage. See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35.
Defendant has also violated the FLSA by failing to keep required, accurate records of all hours
worked by Plaintiff and the FLSA Collective.  29 U.S.C. § 211(c).

67.     Plaintiff and the FLSA Collective are victims of a uniform and company-wide
compensation policy. In all respects material to Plaintiff's FLSA claim, Defendant's employment
practices were and are uniform throughout the states where it operates its Connectivity Source
locations.

68.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated
pay, including minimum wage, straight time, and overtime premium pay within the three years

preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA. Because of Defendant's failure to pay overtime, it damaged Plaintiff and the FLSA Collective in an amount Plaintiff will prove at trial.

69.     Defendant's FLSA violation was willful in that Defendant knowingly, deliberately, and intentionally failed to pay overtime to Plaintiff and the FLSA Collective. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

70.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action

71.     Wherefore, Plaintiff and the FLSA Collective request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Compensate for All Hours Worked at Ohio Minimum Wage and Overtime Rates**
**(By Plaintiff and the Ohio Class)**

72.     Plaintiff incorporates by reference the preceding allegations.

73.     This claim is brought by Plaintiff against Defendant on behalf of the Ohio Class.

- 15 -

74.     Plaintiff alleges that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and putative Ohio Class Members for all hours worked or spent in Defendant's control, including at the appropriate Ohio minimum wage and overtime rates. Detailed above, Defendant required, suffered, and/or permitted Plaintiff and the Ohio Class to perform work for the benefit of Defendant without compensation, with Defendant's knowledge.

75.     Defendant's policies and practices of requiring Plaintiff and the Ohio Class Members to perform work off-the-clock before and after their paid shifts are unlawful. Due to Defendant's systematic denial of payment for all hours worked, Plaintiff and Ohio Class Members are routinely compensated at a rate that is less than the statutory minimum wage. Even absent this off-the-clock work, many of Defendant's non-exempt employees, including Plaintiff and Ohio Class Members, have worked over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff and Ohio Class Members to perform off-the-clock work before the beginning and after their paid shifts, and at other times, Plaintiff and Ohio Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Ohio law.

76.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Ohio law.

77.     The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

- 16 -

78.     The Ohio Constitution, Article II, Section 34a and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay the applicable Ohio-mandated minimum wage rate for all time worked. The Ohio minimum wage rate is currently $8.55 per hour.

79.     In Ohio, employers that fail to pay all wages and overtime owed are liable for an additional equal amount as liquidated damages. Ohio Constitution, Article II, Section 34a and ORC § 4111.14(J).

80.     Ohio law entitles plaintiffs in wage and compensation disputes to recover reasonable costs and attorney fees in successful wage actions, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

81.     In violation of Ohio law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiff and Ohio Class Members with compensation for all time worked, including at applicable Ohio minimum wage and overtime rates. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and Ohio Class Members' rights. Plaintiff and Ohio Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

82.     As a proximate result of the aforementioned violations, Plaintiff and the Ohio Class have been damaged in an amount according to proof at time of trial.

83.     Wherefore, Plaintiff and the Ohio Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Ohio Prompt Pay Act**
**(By Plaintiff and the Ohio Class)**

84.     Plaintiff incorporates by reference the preceding allegations.

- 17 -

85. This claim is brought by Plaintiff against Defendant on behalf of the Ohio Class.

86. The Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15, requires prompt payment of wages.

87. The Ohio Prompt Pay Act entitles employees to be paid all "wages earned" in a timely fashion. In particular, wages earned during the first half of a month must be paid by the first day of the next month. See Ohio Rev. Code Ann. § 4113.15(A). Likewise, wages earned during the second half of a month must be paid by the fifteenth day of the next month. *Id*. The Ohio Prompt Pay Act's protections apply to all wages earned regardless of whether such wages, if paid, would qualify as overtime wages. See, e.g., *Shoots v. iQor Holdings US Inc*., 2015 U.S. Dist. LEXIS 141617, *25-27 (D. Minn. Oct. 19, 2015) (applying Ohio Prompt Pay Act to non-overtime wages).

88. Ohio Rev. Code Ann. § 4113.15 provides for liquidated damages in an amount equal to six percent of the unpaid wages (or $200, whichever is greater) for violations of the Ohio Prompt Pay Act.

89. By the actions alleged above, Defendant has violated the provisions of the Ohio Prompt Pay Act by failing to pay any wage whatsoever to Plaintiff and putative Ohio Class members when they work off the clock and are deprived of correct minimum wage and overtime compensation. These amounts remain due upon the separation of employment. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff's and the Ohio Class members' rights.

90. Plaintiff and the Ohio Class are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

91.     As a proximate result of the aforementioned violations, Plaintiff and the Ohio Class have been damaged in an amount according to proof at time of trial.

92.     Wherefore, Plaintiff and the Ohio Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Ohio Class, requests the following relief:

a.   An order certifying this action as a collective action on behalf of the FLSA Collective;

b.   An order certifying this action as a class action on behalf of the Ohio Class;

c.   Damages according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and the state laws of Ohio;

d.   Liquidated damages in an amount Plaintiff will prove at trial;

e.   A declaratory judgment that Defendant has violated the FLSA and the state laws of Ohio;

f.   Preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

g.   An equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

h.   Reasonable attorneys' fees;

i.   Costs of suit;

j.   Prejudgment and post judgment interest;

k.  An appropriate service award for Plaintiff's efforts and service to the proposed FLSA

Collective and Ohio Class; and

l.  Other relief as this Court may deem necessary and appropriate.

Respectfully submitted,

Date: April 8, 2020

/s/ *James P. Booker*
James P. Booker (Ohio State Bar No. 90803)
PEIFFER WOLF CARR KANE & CONWAY,
APLC
1422 Euclid Avenue, Suite 1610
Cleveland, Ohio 44115
Telephone: (216) 589-9280
Facsimile: (888) 411-0038
jbooker@pwcklegal.com

Gregg I. Shavitz (*pro hac vice* to be submitted)
Tamra C. Givens (*pro hac vice* to be submitted)
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz (*pro hac vice* to be submitted)
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Carolyn H. Cottrell (*pro hac vice* to be submitted)
David C. Leimbach (*pro hac vice* to be submitted)
Scott L. Gordon (*pro hac vice* to be submitted)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

- 20 -

2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

Attorneys for Plaintiff and the
Putative Collective and Class

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the putative Collective and Class are entitled to a jury.


Respectfully submitted,


Date: April 8, 2020

/s/ *James P. Booker*
James P. Booker (Ohio State Bar No. 90803)
PEIFFER WOLF CARR KANE & CONWAY, APLC
1422 Euclid Avenue, Suite 1610
Cleveland, Ohio 44115
Telephone: (216) 589-9280
Facsimile: (888) 411-0038
jbooker@pwcklegal.com

Gregg I. Shavitz (*pro hac vice* to be submitted)
Tamra C. Givens (*pro hac vice* to be submitted)
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz (*pro hac vice* to be submitted)
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Carolyn H. Cottrell (*pro hac vice* to be submitted)
David C. Leimbach (*pro hac vice* to be submitted)
Scott L. Gordon (*pro hac vice* to be submitted)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

- 22 -

2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

**Attorneys for Plaintiff and the
Putative Collective and Class**

# Exhibit A

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Connectivity Source, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

FD72DA41A7DB4C2...

_____
Signature


Adam Madhat

_____
Print Name